UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CHAD M. FARRINGTON, an
individual,

                    Plaintiff,

     v.

MENTOR CORPORATION, a
corporation,

                    Defendant.

NO.  CV-06-0237-EFS

**ORDER DENYING DEFENDANT'S RULE
26(a)(2)(B) MOTION TO EXCLUDE,
GRANTING AND DENYING IN PART
DEFENDANT'S *DAUBERT* MOTION TO
EXCLUDE, AND GRANTING DEFENDANT'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT**

Before the Court, without oral argument, are Defendant Mentor
Corporation's ("Mentor") Motion Pursuant to FRCP 37(c)(1) to Exclude
Testimony of Plaintiff's Expert for Failing to File Expert Report in
Compliance with FRCP 26(a)(2)(B) (Ct. Rec. 26), Motion Pursuant to Fed.
R. Evid. 702 and *Daubert v. Merrell Dow Pharms.* to Exclude Testimony of
Plaintiff's Expert (Ct. Rec. 29), and Motion Pursuant to FRCP 56(b) for
Partial Summary Judgment (Ct. Rec. 32).  After reviewing the submitted
material and relevant authority, the Court is fully informed; the
Court's reasoning and rulings follow.

**A.   Defendant's Motions to Exclude Expert Testimony**

      Defendant filed two motions directed at Plaintiff's witness Jeffrey
Hirschauer, M.D.  The first motion seeks to exclude Dr. Hirschauer's

ORDER ~ 1

expert opinions because Plaintiff failed to provide an expert report that complied with Federal Rule of Civil Procedure 26(a)(2)(B); the second motion seeks to exclude Dr. Hirschauer's causation opinions because his opinions do not satisfy Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Plaintiff responds that he is not calling Dr. Hirschauer as a causation expert but rather as a treating physician; therefore, Plaintiff correctly identified Dr. Hirschauer under Federal Rule of Civil Procedure 26(a)(2)(A) as an individual who may be used at trial to present evidence under Federal Rule of Evidence 702. Since Plaintiff did not retain or specially employ Dr. Hirschauer as an expert, a Rule 26(a)(2)(B) expert report was not required. Accordingly, Defendant's motion to exclude Dr. Hirschauer on Rule 26(a)(2)(B) grounds is denied.

Because Dr. Hirschauer will be testifying as a treating physician, he is limited to providing medical opinions based upon his direct treatment of Mr. Farrington. His testimony will be limited to matters such as "'causation, future treatment, extent of disability and the like" [that] are part of the ordinary care" of Mr. Farrington. *Elgas v. Col. Belle Corp.*, 179 F.R.D. 296, 298 (D. Nev. 1998) (citing to *Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 174-75 (D. Nev. 1997)). Prior to Dr. Hirschauer providing medical opinions at trial, Plaintiff must lay an adequate foundation to show that Dr. Hirschauer is qualified to provide medical opinions and that his treatment of Mr. Farrington included the following assessments: (1) that Mr. Farrington's condition made him prone to autonomic dysreflexia, (2) that Mr. Farrington's inability to catheterize his bladder would likely have caused an AD

ORDER - 2

incident, and (3) that Mr. Farrington's reported discomfort is consistent with his condition.   Accordingly, Defendant's motion is denied to the extent that Dr. Hirschauer may testify as a treating physician after a sufficient foundation is laid.

Defendant's motion is granted to the extent that Dr. Hirschauer may not opine that (a) the complained of episode of autonomic dysreflexia involving the subject catheter ultimately caused a worsening of Mr. Farrington's syrinx condition, (b) Mr. Farrington's use of any particular Mentor catheter caused him any permanent damage or injury, and (c) Mr. Farrington's use of any particular Mentor catheter caused the November 2005 surgery to become necessary.

**B.   Defendant's Motion for Partial Summary Judgment**

Based on the parties' Joint Statement of Uncontroverted Facts (Ct. Rec. 55) and Plaintiff's lack of opposition (Ct. Rec. 45), the Court grants Defendant's partial summary judgment motion.   The following fact is deemed established for trial:  The complained of episode of autonomic dysreflexia involving the subject catheter did not cause permanent injury or damage, did not cause a worsening of the syrinx cyst condition, and did not cause the need for surgery.

For the reasons given above, **IT IS ORDERED:**

1.  Defendant's Motion Pursuant to FRCP 37(c)(1) to Exclude Testimony of Plaintiff's Expert for Failing to File Expert Report in Compliance with FRCP 26(a)(2)(B) **(Ct. Rec. 26)** is **DENIED.**

2.  Defendant's Motion Pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharms.* to Exclude Testimony of Plaintiff's Expert **(Ct. Rec. 29)** is **GRANTED** (may not provide causation opinions) **and DENIED (**may

ORDER – 3

testify as treating physician after foundation laid) **IN PART.**

3.  Defendant's Motion Pursuant to FRCP 56(b) for Partial Summary Judgment **(Ct. Rec. 32)** is **GRANTED.**  The following fact is deemed established for purposes of trial: The complained of episode of autonomic dysreflexia involving the subject catheter did not cause permanent injury or damage, did not cause a worsening of the syrinx cyst condition, and did not cause the need for surgery.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** this ___25th___ day of February 2008.


                          S/ Edward F. Shea
                    _____
                          EDWARD F. SHEA
                    UNITED STATES DISTRICT JUDGE


Q:\Civil\2006\0237.exclude.part.msj.wpd

ORDER – 4